Frank S. GILL, Appellant,

v.

STATE of Indiana, Appellee.

No. 484S134.

Supreme Court of Indiana.

Sept. 6, 1984.

Jerry E. Levendoski, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Jay R. Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Frank S. Gill was found guilty by a jury in the Allen Superior Court of the crimes of rape while armed with a deadly weapon, a class A felony, and confinement, a class B felony. He was sentenced to a term of thirty (30) years for the rape conviction, and ten (10) years for the confinement conviction.

Appellant now raises the sole issue of admission of improper evidence for our review.

Shortly after midnight on April 30, 1983, T.W. reported to the police she had been raped. Earlier that evening she left a pool hall where she had been playing pool, and began walking to a friend's home. A man came out from between two cars and asked her where she was going, to which she replied she was going home. The defendant then placed an arm around T.W.'s neck, put a knife to her throat, and told her to do as he said. T.W. described the weapon as a steak knife with a brown handle and "ruffled" edges. The defendant dragged her between two houses, forced her to lie on her right side, then came from behind her and had intercourse. Defendant walked T.W. home with the knife in his hand and asked to be invited in. T.W. informed him there was a babysitter inside, and she would go in first and ask her to leave. While Defendant waited, T.W. knocked on Sherry Bolworth's door, as opposed to her own, and informed the people there she had been raped. Marquel Cook and Lyndon Lambert went after the defendant and found him two houses away, sitting on the steps. T.W. identified the defendant as the rapist. It was drizzling rain that night and the ground was wet and muddy. A brown handled steak knife was later found partially hidden under a rock about twenty feet from the street. There were no signs of rust on it.

Defendant claimed T.W. had propositioned him to have sex for money. He testified she first asked for twenty-five dollars, but agreed to ten, upon which they went between two houses and had sex. The defendant stated T.W. laid on her back, and he was on top of her. However a detective with the Fort Wayne Police Department testified that when T.W. was taken to the hospital, mud was found on the front and inside of her legs, but not on the back of them. Moreover, T.W.'s jacket had mud on the right side but not the back or left side. The defendant's jeans had mud stains on the knees. Pictures of the victim's knees at the hospital, her jacket, and Defendant's trousers were taken shortly after the incident by request of the Fort Wayne detective, and admitted into evidence. Defendant claimed he had fallen that evening and this accounted for the mud stains on his trousers.

Defendant further testified that after having sex, he walked T.W. home, and once she had entered the house he walked to the

house of his brother's fiancee. He claimed as he was knocking on the door two men confronted him claiming he had raped T.W. Marquel Cook testified Defendant was sitting on stairs, not knocking on a door.

During cross-examination, the defendant was asked if he had ever been convicted of a felony. He replied he had been convicted of armed robbery and burglary. An objection to what he was armed with in the robbery was overruled, and Defendant stated he was armed with a shotgun.

The defendant argues that when the trial court overruled his objection and admitted evidence he was armed with a shotgun in a previous robbery, the court erred. He claims the error was so prejudicial it warrants reversal of the trial court's judgment. It is proper to inquire of the defendant, on cross-examination, when the defendant has taken the stand and put his character in issue, of prior felony convictions which go to the defendant's propensity for truthfulness and veracity. *Garner v. State*, (1980) Ind., 413 N.E.2d 584; *Ashton v. Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210, 211. Therefore, as Defendant admits, it was proper for the State to inquire of the defendant whether he had been convicted of any prior felonies. However, Defendant contends, the State went beyond their intended purpose of showing he may not be truthful when they introduced evidence of a prior robbery weapon. Defendant claims he was unduly prejudiced by this evidence. We agree that the introduction of this evidence had no permissibly relevant purpose in the case and should have been excluded. Nonetheless, it is well settled that the improper admission of evidence is harmless error when the conviction is supported by overwhelming evidence of guilt. *Phelan v. State*, (1980) 273 Ind. 542, 406 N.E.2d 237; *Bricker v. State*, (1976) 264 Ind. 186, 341 N.E.2d 502 *reh. denied; Howell v. State*, (1980) Ind., 413 N.E.2d 225, *reh. denied.*

In this case, there is overwhelming evidence to support the defendant's guilt. Both Defendant and T.W. admitted intercourse took place; the only disputed element was whether T.W. consented. T.W. claimed intercourse was forced upon her with a knife, whereas Defendant claimed she propositioned him with sex for money. Defendant stated that when they had intercourse, T.W. was on her back and he was on top of her. Pictures taken shortly after the incident showed this could not have been the situation. Rather the pictures supported T.W.'s testimony that she was told to lie on her right side and Defendant came upon her from behind and had intercourse with her. They depicted mud on only the right side of T.W.'s jacket, mud on her knees, and mud stains on the knees of Defendant's trousers. Furthermore, a knife matching the description of the one T.W. described Defendant as having used was found by two disinterested persons a short distance from where Defendant was apprehended. No rust appeared on it which indicated it had been disposed of recently. Defendant's conviction is clearly supported by overwhelming evidence of his guilt. Therefore, the evidence improperly admitted at trial was harmless.

The conviction is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER, and PRENTICE, JJ., concur.