**Iretta PACK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 584S174.

Supreme Court of Indiana.

Dec. 30, 1985.

Diane McNeal, Appellate Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Iretta Pack, Defendant (Appellant) appeals her conviction of robbery, a class B felony. Ind.Code § 35–42–5–1 (Burns 1979). She was sentenced to fourteen (14) years imprisonment.

Defendant asserts that the jury's verdict is contrary to law and that the evidence is insufficient to support it. She also argues the trial court erred by denying her motion for a directed verdict at the close of the State's case. Actually, Defendant is challenging the sufficiency of the evidence on but one element of robbery as a class B felony. Defendant claims that the State failed to prove the robbery was committed "while [she] was armed with a deadly weapon" as required by Ind.Code 35–42–5–1 to enhance the offense from a class C felony to a class B felony. This argument is predicated on the fact that Defendant did not actually hold the gun that was used during the robbery.

We affirm.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (Citations omitted).

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The facts favorable to the State reveal that Defendant and another woman went to the home of the victim, a seventy-six (76) year old man, on the morning of January 1, 1980. They knocked on his door and he told them to leave because he was not dressed. The women pushed open the door and by doing so, they knocked the victim to the floor. While the other woman held a gun to the victim's head, Defendant took his social security card, his wallet and a coin purse. While the other woman continued to hold the gun on the victim, Defendant searched the rest of the house. At one point, Defendant told the victim to cooperate or else the armed woman would shoot him. A man ran into the house and said, "Let's get out of here." All three people ran out of the house. As Defendant was leaving, she told the victim that she would burn his house if he caused a disturbance.

Obviously, Defendant's argument that she actually had to wield the weapon to be guilty of armed robbery is erroneous. The State presented evidence that Defendant acted in concert with two other people to rob an elderly man in his home. One of these accomplices was armed with a gun and threatened the victim with it. Defendant, herself, admonished the victim that he would be shot if he did not cooperate. As we stated in *Hunn v. State* (1983), Ind., 446 N.E.2d 603, 604;

> "This conduct was that of a full participant in an armed robbery. The jury was warranted in concluding that appellant's conduct within the station was accompanied by an awareness that he was engaging in a joint criminal enterprise involving all of the elements of armed robbery." (Citations omitted).

In *Hunn,* another person held a gun on the victim while the defendant took money from a cash drawer and from the victim. An accomplice does not need to commit each element of an offense, if he acts in concert with other individuals who commit the requisite acts. The acts of one accomplice are imputed to all other accomplices. Ind.Code § 35-41-2-4 (Burns 1979 Repl.). *Cary v. State* (1984), Ind., 469 N.E.2d 459.

Thus it is inconsequential that Defendant did not actually hold the gun.

The trial court's judgment is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.