Jeff HENSLEY, Appellant,
(Defendant below),

v.

STATE of Indiana, Appellee.
(Plaintiff below).

No. 285S63.

Supreme Court of Indiana.

Feb. 27, 1986.

Robert R. Garrett, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Jeff Hensley was convicted at the conclusion of a jury trial in the Lake County Superior Court, Criminal Division, of dealing in a narcotic drug, Schedule I, a class B felony. He was thereafter sentenced to eighteen (18) years imprisonment. His direct appeal raises the following issues:

1. whether the trial court erred in admitting State's Exhibit No. 2, and

2. whether the trial court erred in refusing Defendant's Tendered Instruction No. 1.

On October 4, 1983 State Police Officer Richard Irwin, working undercover with a confidential informer, made a $100.00 heroin purchase from Appellant. He placed the heroin in the trunk of his car overnight, and the next day placed the marked evidence bag in the State Police Laboratory. He retrieved it on the morning of his testimony. In the meantime, Patricia Vidal, a forensic chemist for the Indiana State Police, retrieved the heroin on October 5 for purposes of laboratory analysis from the laboratory vault of the evidence clerk. Until the analysis was completed eight days later, she kept the evidence locked in her own vault, to which she has the only key. Her examination showed that State's Exhibit No. 2 contained .7 grams of heroin. It was introduced at trial over Appellant's objection.

Appellant filed a notice to rely on alibi on July 6, 1984, and at trial presented substantial evidence of alibi. Other evidence

presented by Appellant, including the testimony of two law enforcement officers, tended to disprove Appellant's alibi. Appellant attempted to tender a jury instruction based on the defense of entrapment.

## I

Appellant's first allegation of error is that the heroin, State's Exhibit No. 2, was improperly admitted because there existed the *possibility* that the chain of custody *could* have been broken while the exhibit was in the forensic chemist's vault. Appellant presents no evidence in support of his argument that such actually happened. His only citations of authority dealt with cases where, "One link of the chain is *entirely* missing." *Graham v. State* (1970), 253 Ind. 525, 530, 255 N.E.2d 652, 654. These cases are distinguished from the present case and are irrelevant. The burden on the State in cases such as this is to establish a chain of possession which avoids any claim of substitution, tampering, or mistake. *Id.* at 533, 255 N.E.2d at 656. Appellant concedes the State need not exclude every possibility of tampering, out need only afford a reasonable assurance that the evidence passed to trial in an undisturbed condition. *Borom v. State* (1984), Ind., 470 N.E.2d 712, 714; *Holt v. State* (1980), 272 Ind. 544, 547, 400 N.E.2d 130, 131–132. This burden was met by the State showing that Officer Irwin placed the evidence in a marked evidence bag in the trunk of his car overnight, then into a locked vault at the State Police Laboratory, and that forensic chemist Vidal retrieved the evidence, placed it in her own locked vault to which she had the only key, then returned it to the State Police laboratory vault where it remained until the morning of trial when Officer Irwin retrieved it.

## II

Appellant's next allegation of error is that his Tendered Instruction No. 1, concerning entrapment, was improperly denied. Appellant filed notice to rely on alibi and produced substantiated evidence in support. He argues that a defense of entrapment is not inconsistent with a defense of alibi, and that the instruction should have been given. Appellant concedes that by pleading an alibi a defendant effectively limits the factual issues to be determined, denying not that the crime was committed, but only that it was he who did it. *Bruce v. State* (1978), 268 Ind. 180, 207, 375 N.E.2d 1042, 1058, *reh. denied* (1978), *U.S. cert. denied* (1978) 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. By arguing entrapment, Appellant effectively admits he committed the act, but argues he was induced to do so by the acts of a law enforcement officer.

We have long held the instruction of a jury is largely within the discretion of the trial court and will be reviewed only for abuse of that discretion. *Brendel v. State* (1984), Ind., 460 N.E.2d 919, 921. The court may, in its discretion, refuse any instruction if it feels the evidence does not support the instruction. *Gary v. State* (1984), Ind., 471 N.E.2d 695, 699. In the present case the evidence presented by Appellant was based on alibi—that he was not at the scene. This evidence does not support an instruction for entrapment. In fact, the record shows absolutely no evidence to support a theory of entrapment. Under our standard set forth in *Gary* above, it was within the trial court's discretion to refuse Appellant's Tendered Instruction No. 1.

Furthermore, Appellant's argument lacks any citation of applicable legal authority, as well as any rationale for his position. In his brief, Appellant merely cites a case on which the State did not rely, and distinguishes the case from the present one. He then closes by rhetorically asking whether the cited case should be applied more broadly to the present case. Appellant's argument is thus waived. *Reed v. State* (1985), Ind., 479 N.E.2d 1248, 1253; Ind.R.App.P. 8.3(A)(7).

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.