Andrew SPURLOCK, Appellant,

v.

STATE of Indiana, Appellee.

No. 1283S471.

Supreme Court of Indiana.

April 16, 1987.

John M. McGrath, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is a companion case with *Baker v. State* (1985), Ind., 483 N.E.2d 736. Baker and appellant acted together in the perpetration of the facts set out below.

A jury trial resulted in the conviction of appellant on two charges of Murder. He received sentences of fifty (50) years on each charge.

The facts are: On June 22, 1982, Eddie Lackland hosted a party in his garage. During the party there was an altercation between Baker and Lackland, resulting in Lackland striking Baker across the face with a blackjack and knocking him to the floor. Baker left the party but returned approximately thirty minutes later with appellant, Dana McCulley and a fourth unidentified person.

One of the victims, Dwayne Stribling, was outside the garage when those inside the garage heard a gunshot. Moments later, Baker raised the garage door and he, appellant, McCulley and the fourth unidentified person began firing shots at the persons inside the garage. Lackland and Darryl Smith returned fire. Appellant had a rifle, McCulley had an automatic pistol and the unidentified accomplice carried an unidentified gun. Lackland had a .357 magnum and Smith had a .45 caliber automatic. Several persons were injured. Stribling died of the wounds he received. The next morning Robin Williams was found dead in the yard behind the garage. He had also died of gunshot wounds.

Ballistics experts testified there were .38 caliber bullets in Stribling's body and .32 caliber bullets in Williams body. One weapons expert testified that the .32 caliber bullets could have come from a .30 caliber cartridge casing found at the scene of the shoot-out.

Appellant claims there is insufficient evidence to convict him of the murder of Stribling, stating that although there was evidence of shooting, there was no evidence that appellant himself actually shot Stribling. As this Court held in *Baker*, it is clear from the evidence that at least one of the persons acting in concert with appellant in fact shot Stribling. Therefore, under the principle of accomplice liability, there is sufficient evidence to support his conviction for the murder of Stribling. Ind.Code § 35–41–2–4; *Harris v. State* (1981), Ind., 425 N.E.2d 154.

Appellant makes the same claim concerning the death of Williams. His argument fails for the same reasons as stated above.

Appellant claims the trial court erred in advising Lackland that he could assert his Fifth Amendment rights upon being asked certain questions. It is appellant's position that this narrowed the examination of Lackland and had a tendency to destroy his credibility in the presence of the jury. He takes this position because it was he who had called Lackland as a witness. Again, this matter was handled by this Court in the *Baker* case. As was pointed out, there is nothing in the record to indicate that Lackland was prevented from testifying on appellant's behalf. The restriction by the trial judge came during the State's cross-examination. We cannot see how this would prejudice appellant.

In addition it was entirely proper for the trial court to advise Lackland of his privi-

lege against self-incrimination. *Layton v. State* (1973), 261 Ind. 251, 301 N.E.2d 633. The trial court did not err in so advising Lackland.

Appellant claims he was denied effective representation of counsel, in that his counsel represented State's witness Swopes and was the sole source of impeaching evidence against witnesses Swopes and Smith. First, we observe the record reveals that Charles Graddick, the attorney in question, did in fact represent not only appellant but an unnamed essential State's witness. He revealed such a possible conflict of interest to the court and was allowed by the court to elect which client he would continue to represent. We see no error in the procedure followed. The record further reveals that Graddick conducted a spirited defense of appellant, including his cross-examination of Swopes.

◼ As recognized by appellant, joint representation is not per se evidence of ineffective assistance of counsel. *Ross v. State* (1978), 268 Ind. 608, 377 N.E.2d 634. In order to prevail on such a claim, appellant must show that the representation by his counsel was wholly inadequate. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

◼ The record in this case does not reveal misconduct on the part of attorney Graddick.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER, PIVARNIK and DICKSON, JJ., concur.