Charles FORD, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8605–CR–414.

Supreme Court of Indiana.

April 26, 1988.

Diane M. McNeal, Appellate Public Defender, Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Felony Murder, for which he received a sentence of fifty (50) years.

The facts are: On December 1, 1984, David Bowers and Joe Brown were working in the office of a Pay Low Foods store in Gary, Indiana. At approximately 7:45 p.m., Bowers and Brown heard yelling near the front of the store. Immediately thereafter a man entered the office and pointed a gun at Bowers and Brown. He ordered them to lie on the floor and they complied. He took money from the cash register in the office and their wallets. He then fired three shots, one of which struck Brown in the abdomen.

Brown was taken to the hospital and emergency surgery was performed. Brown was given intravenous fluids, but he refused a blood transfusion due to his religious beliefs. He died on December 18, 1984 from complications resulting from his gunshot wound.

On February 26, 1985, appellant was arrested and brought to the police station. He was advised of his *Miranda* rights and signed a *Miranda* rights waiver form. He gave a statement to police in which he admitted his involvement in the robbery but stated that he was only an armed lookout inside the store and an accomplice shot Brown.

Appellant asserts that the evidence is insufficient to support the verdict of the jury.

Appellant acknowledges that this Court will not reweigh the evidence or judge the credibility of the witnesses. *McDowell v. State* (1983), Ind., 456 N.E.2d 713. He asserts that because he "was not the trigger-man" and because Brown's death was the result of his refusal of the blood transfusion, his conviction cannot stand.

The acts of one accomplice are imputed to all other accomplices when they act in concert in the furtherance of a crime. *Pack v. State* (1985), Ind., 486 N.E.2d 994. Therefore, the fact that appellant may not have been the robber who shot Brown is inconsequential to his conviction of felony murder.

Appellant's intervening cause argument does not relieve him of liability. One who inflicts an injury on another is deemed by the law to be guilty of homicide if the injury contributes mediately or immediately to the death of the victim. The fact that other causes contribute to the death does not relieve the actor from responsibility.

*Myers v. State* (1987), Ind., 510 N.E.2d 1360.

■ A defendant will be held criminally responsible for the death of another if the variation between the result intended or hazarded and the result actually achieved is not so extraordinary that it would be unfair to hold the defendant responsible for the actual result. *Sims v. State* (1984), Ind., 466 N.E.2d 24. Appellant's statement reveals that approximately five or six persons worked in concert to rob the store and all persons were armed. Approximately five shots were fired in the store, three of which were fired at Brown. The pathologist testified that the complications from the gunshot wound caused his death. We find that the variation between the result intended or hazarded and the actual result was not so extraordinary that it would be unfair to hold appellant responsible for Brown's death.

■ Appellant argues that his confession was improperly admitted into evidence. He asserts that he was detained in police custody for an unlawful period without a hearing before a neutral judicial officer in violation of Ind.Code § 36–8–3–11. Therefore, his custodial confession should not have been admitted.

Appellant failed to object to the admission of his confession on this ground. However, he contends that we should review his claim because the matter involves fundamental error.

Recently this Court held that an alleged failure to comply with Ind.Code § 36–8–3–11 does not involve fundamental error. *Brown v. State* (1987), Ind., 503 N.E.2d 405. Appellant's failure to make timely objection resulted in waiver of the issue.

Further, appellant has not alleged that his statement, given approximately thirty-six hours after his arrest and after he waived his *Miranda* rights, was induced by force, fear, or promises. We find no reversible error. *Richey v. State* (1981), Ind., 426 N.E.2d 389.

■ Appellant argues that the trial court committed reversible error in denying his motion to strike the testimony of an expert witness.

Dr. Arvand Kakodkar performed the autopsy of the victim and testified as to the cause of death. Appellant objected and moved to strike his testimony on the ground that the expert was not qualified under Ind.Code § 36–2–14–6.

Subsection (d) of Ind.Code § 36–2–14–6 states, in pertinent part, that when the coroner decides that an autopsy must be performed he shall employ a physician who is certified by the American board of pathology, or is holding an unlimited license to practice medicine in Indiana and is acting under the direction of a physician certified by the American board of pathology.

Dr. Kakodkar testified that he did not meet the specific requirements of Ind.Code § 36–2–14–6, but that he is a licensed medical doctor, he has been employed as a pathologist for the Lake County Coroner's Office for two and one-half years, he is a specialist in the field of pathology, he has performed more than one thousand autopsies and has testified in court at least one hundred times.

The trial court did not err in denying appellant's motion to strike Dr. Kakodkar's testimony. The determination of whether a witness is qualified to testify as an expert is within the sound discretion of the trial court, whose ruling will not be disturbed absent an abuse of discretion. *Copeland v. State* (1982), Ind., 430 N.E.2d 393. Dr. Kakodkar's education and practical experience were properly brought forth at trial to establish his status as an expert witness. The fact that he was not certified in compliance with Ind.Code § 36–2–14–6(d) went to the weight of his testimony and not its admissibility. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.