**Terrance JONES & John L. Jones, Jr., Appellants,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8709–CR–823.**

Supreme Court of Indiana.

March 28, 1989.

Rehearing Denied June 8, 1989.

Susan K. Carpenter, Public Defender, Valerie K. Young, Deputy Public Defender, Indianapolis, for Terrance Jones.

Stephen T. Owens, Deputy Public Defender, Indianapolis, for John L. Jones, Jr.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellants' convictions of Attempted Murder, a Class A felony, for which each received a sentence of twenty (20) years; Carrying a Handgun Without a License, a Class A misdemeanor, for which each received a sentence of one (1) year; Resisting Law Enforcement, a Class D felony, for which each received a sentence of two (2) years; and three counts of Theft, a Class D felony, for which each received sentences of two (2) years on each count, their sentences to run concurrently.

The facts are: Late on the evening of May 15, 1983 Ernie Snow, Henry Hewlett, and appellants met at appellants' home. There, appellants suggested that they steal car radios from automobiles parked at the Braeburn Apartment Complex in Indianapolis. With appellants in the back seat and Snow in the passenger seat, Hewlett drove his car to the complex, parked, and the group split off in pairs. Hewlett helped John Jones break into the cars with coat hangers, and after Jones removed the radios, Hewlett carried them back to his car.

Officer Derrett received a radio dispatch that two black males were breaking into cars at the Braeburn Apartments. In the complex, Officer Derrett observed a car travelling toward his which was driven by a black male, so he followed the vehicle. He stopped the car and the driver; Hewlett jumped out. Officer Derrett drew his revolver, exited his vehicle, and ordered Hewlett to get back in his car.

Appellants, who were in the back seat of the car, stated their apprehension that they were going to jail. Then Snow said that he was not going to jail. Sitting in the front passenger seat, Snow put the car in gear and pressed on the accelerator. Then Hewlett took the wheel as Snow began shooting at Officer Derrett through the passenger window.

Hewlett heard eight or nine shots as he sped down the street with Officer Derrett following him. Both Snow and Terrance Jones shot at the officer. Hewlett saw other police cars, pulled into a parking lot, parked the car, and put his hands up. Snow had exited the car before it had stopped, and he fled on foot. Terrance Jones got out of the car with a gun in his hand then stumbled back into the car and said he thought he had been shot. Police apprehended appellants and recovered two guns from Hewlett's car and six pieces of automobile audio equipment, among other items, from the trunk.

Both appellants waived their *Miranda* rights and gave inculpatory statements to police.

Terrance Jones argues the evidence is insufficient to support his conviction of attempted murder. He states that no evidence was presented to show he intended to kill the officer when he shot in the direction of his car. He claims he was not aiming at him at all.

 On a claim of insufficient evidence, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. One's intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Johnson v. State* (1983), Ind., 455 N.E.2d 932. The jury properly could have inferred Terrance Jones exhibited an intent to kill when he fired a gun in the direction of the officer.

John Jones argues the evidence is insufficient to support his conviction of attempted murder because he simply was a passenger in the car and the owner of the gun shot by Terrance, and no evidence established his intent to kill. He also argues the evidence failed to show he took a substantial step toward the commission of a murder; thus, his conviction of attempted murder is erroneous.

 The acts of one accomplice are imputed to all other accomplices when they act in concert in the furtherance of a crime. *Ford v. State* (1988), Ind., 521 N.E.2d 1309. It is not necessary that the evidence shows John Jones personally participated in the commission of each element of the offense. *Sims v. State* (1988), Ind., 521 N.E.2d 336. We find the evidence is sufficient to support appellants' convictions of attempted murder.

John Jones argues the evidence is insufficient to support his conviction of theft. He asserts that despite the fact that several stolen radios were found in the car in which he was found prior to his arrest, no evidence established he in fact participated in the thefts.

■ Hewlett testified that he and John Jones worked together in removing audio equipment from vehicles, and John Jones stated during cross-examination that he let Hewlett hold the gun while he took the radio out of a car. We find the evidence is sufficient to sustain his theft convictions.

John Jones argues the evidence does not support his conviction of resisting law enforcement. He contends he had no control over the fleeing vehicle, and once the vehicle stopped, he did not try to escape police.

■ Again, the acts of John Jones' accomplices in furtherance of the crimes are imputed to him. *Ford, supra.* Additionally, John Jones testified that when Hewlett was driving the car in an attempt to escape from police, he told Hewlett to not stop. His conviction is supported by sufficient evidence.

Appellants both argue State's Exhibit No. 10 was admitted without a proper showing of its chain of custody. Exhibit No. 10 consists of a spent bullet which was removed from the side of Officer Derrett's vehicle after the incident.

■ The less an exhibit is susceptible to alteration, tampering, substitution or fungibility, the less strictly the chain-of-custody rule is applied. The foundation for introduction of physical evidence, the characteristics of which can be identified by eyewitness identification, is fulfilled when the witness is able to identify the item and the item has relevance to the issues in the case. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, *cert. denied*, 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860.

■ The following chain of custody was established by testimony at trial: Officer Derrett recovered the bullet from his right front door and he gave it to Sergeant Brooks. Derrett identified Exhibit 10 at trial as the bullet he recovered from his door, and Sergeant Brooks testified that he received Exhibit 10 from Officer Derrett and placed it in a pill box and marked it. Sergeant Brooks also identified the exhibit at trial. Sergeant Warren testified that he received the bullet from Sergeant Brooks, and he identified Exhibit 10 as the same bullet. He transferred it to the Indianapolis Police Department Firearms Laboratory. Officer Koss testified that he compared Exhibit 10 with a firearm, and he recognized his identifying mark on the pill box.

Appellant argues the chain of custody fails because Officer Warren did not state when the exhibit was taken to the laboratory, who obtained it at the lab, how long it was there, or who returned it to the property room.

■ Nonfungible items do not require the high degree of scrutiny which must be applied to fungible items. *Davis v. State* (1985), Ind., 472 N.E.2d 922. The State is not required to negate every remote possibility of tampering, and an argument which does no more than raise the possibility of tampering with the evidence is meritless. *Hensley v. State* (1986), Ind., 489 N.E.2d 62.

In appellant's case, four officers identified the bullet in court as the one recovered by Officer Derrett, and the exhibit had relevance to appellant's case. *Boyd, supra.* We find no error in the admission of Exhibit No. 10.

Appellants both argue their motions to suppress their post-arrest statements should have been granted.

Terrance and John Jones testified at the motion to dismiss hearing that Officer Davis told them that if they would make statements, it would help them with their attempted murder charges. They assert that they were induced to make statements by Officer Davis's promise of leniency, and their statements were a product of police coercion.

■ The question of voluntariness is a matter of trial court discretion. On review

this Court will not reweigh the evidence. *Massey v. State* (1985), Ind., 473 N.E.2d 146. If the evidence is conflicting, only the evidence which supports the trial court's ruling will be considered on appeal. *Coleman v. State* (1986), Ind., 490 N.E.2d 711.

Both appellants were given their *Miranda* rights, and both signed forms waiving those rights before they gave their statements. After appellants testified that they were offered leniency in exchange for making statements, Officer Davis testified that he never told appellants that they would receive favorable treatment on their attempted murder charges or on any of their charges if they would give statements.

It was for the trier of fact to determine the credibility of the witnesses. In light of the evidence supporting the trial court's ruling, we find appellants' motions to suppress were properly denied. *Id.*

Appellant John Jones contends he was denied effective assistance of counsel. He asserts that because his counsel also represented his brother Terrance, a conflict of interest existed which denied him his Sixth Amendment right to counsel.

Joint representation is not per se evidence of ineffective assistance of counsel. In order to prevail on such a claim, appellant must show that the representation by his counsel is fully inadequate. *Spurlock v. State* (1987), Ind., 506 N.E.2d 40.

Appellant makes the simple statement that because joint representation existed, his counsel was inadequate. Because he made no showing how his defense was adversely affected by his counsel's performance, we cannot find his counsel was ineffective on this ground.

Appellant John Jones also asserts his counsel was ineffective because he failed to object to the admission into evidence of two guns and spent cartridge casings. He argues that because Terrance and Snow were the persons who fired the guns, his counsel should have objected to the admission of the exhibits because they bore no relevancy to his case.

When an ineffective assistance of counsel claim is predicated on counsel's failure to make an objection, appellant must show that a proper objection would have been sustained by the trial court. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394.

Any fact which legitimately tends to connect a defendant with a crime is admissible when a reasonable inference may be deduced from such evidence. *Brooke v. State* (1987), Ind., 516 N.E.2d 9. The record and John Jones' confession reveal that he supplied one of the guns used in the shooting. The weapons used in the incident were relevant to the crimes of which appellant had been charged. Therefore, he has not shown an objection to their admission would have been sustained. We find appellant was not denied effective assistance of counsel.

Appellant Terrance Jones argues the instruction regarding attempted murder was deficient. He states that error occurred because the instruction failed to inform the jury that a requisite element of attempted murder is that he must have had the intent to kill the officer.

We first note that appellant did not object to the instructions nor did he tender a corrective instruction on the issue. A party cannot complain of incomplete or omitted instructions when he has failed to tender any instructions on that issue. *Law v. State* (1980), 273 Ind. 624, 406 N.E.2d 1185. However, appellant asserts fundamental error occurred in the deficient instruction to the jury. Fundamental error is error that if not corrected would deny a defendant fundamental due process. *Burkes v. State* (1983), Ind., 445 N.E.2d 983.

Appellant cites *Smith v. State* (1984), Ind., 459 N.E.2d 355, (Givan, C.J., and Pivarnik, J., dissenting) in which this Court held that fundamental error occurred because the instruction on attempted murder failed to state the requisite element of the defendant's specific intent to commit murder.

In *Smith,* the instruction stated that the elements of the crime of attempted murder are that the defendant knowingly engaged in conduct which constituted a substantial step toward the commission of murder. In appellant's case, the following instructions were given:

> *"Murder*
>
> A person who: 1) knowingly or intentionally kills another human being; ... commits murder, a felony. The elements of this crime are that the defendant must 1) knowingly or intentionally 2) kill 3) another human being."

> *"Attempt*
>
> A person attempts to commit a crime when, acting with the culpability required for commission of that crime, he engages in conduct that constitutes a substantial step toward commission of the crime ..."

Also the jury was instructed on the definitions of "intentional" and "knowing" conduct, that the State must prove every element of the offense charged, and that knowledge and intent are essential elements to be proven.

▮▮▮ Appellant's case is distinguishable from *Smith.* In *Smith,* the jury may have concluded that the defendant could be convicted of attempted murder merely by knowingly engaging in conduct which constituted a substantial step toward the commission of a murder. *Denes v. State* (1987), Ind., 508 N.E.2d 6. The jury in appellant's case was instructed that a person attempts a crime when he acts with the culpability required for that crime, and that knowledge and intent must be proven. All instructions are to be considered as a whole, and as such, we find they did not lack the requisite element of intent and no fundamental error occurred.

Appellant Terrance Jones further argues the trial court erred in admitting into evidence State's Exhibit No. 26, which was a photograph of Hewlett's car. In the back seat of the car is Sergeant Warren, leaning out the window and pointing behind him. The previous exhibit was a photograph of the same car from the same angle, but no one is present in the picture.

Appellant claims the photograph was admitted as demonstrative evidence to show how he was pointing the gun at Officer Derrett and was prejudicial because it conflicted with his assertion that he only aimed his gun at the ground.

The trial court admitted the photograph with the admonishment to the jury to disregard the individual in the car pointing and to only consider the rest of the photograph. Appellant asserts that he was denied his right to confrontation in that he was unable to challenge the accuracy of the photograph.

▮▮▮ An admonition to the jury to disregard certain matters is presumed to cure any errors in the admission of evidence. *English v. State* (1985), Ind., 485 N.E.2d 93. Furthermore, even if the presence of Sergeant Warren in the photograph was irrelevant, the admission of the photograph is harmless error when the conviction is supported by overwhelming evidence of guilt. *Gill v. State* (1984), Ind., 467 N.E.2d 724. Appellant's attempted murder conviction is supported by the fact that his intent to kill may be inferred from his use of a deadly weapon in a manner likely to cause death or great bodily harm. *Johnson, supra.*

▮▮▮ Appellant also argues the photograph in Exhibit 26 was prejudicial because it was cumulative of Exhibit 25. Cumulative evidence alone is not grounds for reversal. *Watkins v. State* (1984), Ind., 460 N.E.2d 514. We find no reversible error occurred in the admission of the photograph.

Appellant Terrance Jones argues the trial court erroneously admitted into evidence State's Exhibits Nos. 14D and 14E.

At trial, Sergeant Warren testified that Exhibits 14A, 14B, and 14C were live rounds which had been removed from the pocket of John Jones, and Exhibits 14D and 14E were envelopes which had once contained two live rounds which he had recovered from John Jones' pocket but were used to test fire a weapon used in the incident. The State moved to admit the three rounds and the two empty envelopes

which had contained the bullets used in test firing, and appellant objected, stating,

"We have no objection to State's exhibit, 14, in 5 parts, although we would object to 14, E and D, although I understand what it is. But, there is nothing in the envelope, so we would object to their admission...."

He then objected to the admission of other exhibits on the ground that proper chain of custody had not been shown.

On appeal, appellant argues the State failed to establish the chain of custody of Exhibits 14D and 14E and a mix-up of the exhibits in the firearms laboratory was possible. He also contends he was denied his constitutional right to confront his accusers because he was unable to cross-examine all the persons who had custody of the bullets or had done tests on them.

Appellant cannot make an improper chain of custody argument on appeal when he made no such objection at trial. A question which an appellant seeks to present to the appeals court must be the same as the question presented to the trial court. *Lewis v. State* (1987), Ind., 511 N.E. 2d 1054; *Beland v. State* (1985), Ind., 476 N.E.2d 843.

Additionally, we fail to see how appellant was harmed by the admission of the empty envelopes. Officer Warren testified about all the evidence he collected at the crime scene, including the two hand guns, empty shell casings, and the bullets found in John Jones' pocket. His testimony merely supported other testimony, including that of Terrance Jones himself, that Terrance fired his weapon twice when police chased them. As such, the evidence of appellant's guilt is overwhelming. We find no reversible error in the admission of the envelopes. *Gill, supra.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.