## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 06 2017, 10:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Curt Lowder
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Curt Lowder, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | April 6, 2017 <br><br> Court of Appeals Case No. <br> 49A04-1606-PC-1518 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa F. Borges, Judge <br><br> The Honorable Anne Flannelly, Magistrate <br><br> Trial Court Cause No. <br> 49G04-0006-PC-89141 |

**Crone, Judge.**

# Case Summary

[1] Curt Lowder appeals the denial of his amended petition for postconviction relief ("PCR") after he pled guilty to class D felony resisting law enforcement while using a vehicle. First, he challenges the postconviction court's denial of his motion to amend his amended PCR petition, which he did not file until after the evidentiary hearing, arguing that the new claims he sought to add were tried by the parties' express consent. Second, he argues that the postconviction court clearly erred in finding that he failed to carry his burden to show that there was no factual basis to support his guilty plea.

[2] We conclude that the parties did not try the claims Lowder sought to add by express or implied consent, and therefore the postconviction court did not abuse its discretion in denying his motion to amend his amended PCR petition. We also conclude that the evidence does not unerringly and unmistakably show that Lowder's guilty plea had no factual basis. Accordingly, we affirm.

[3] We note that Lowder argues that the postconviction court clearly erred in finding that the State carried its burden to establish its laches defense and presents additional arguments related to the State's laches defense. However, because we address Lowder's claim on the merits, we need not address those arguments.

# Facts and Procedural History[1]

[4] At Lowder's guilty plea hearing, the following factual basis was established. Sometime after midnight one evening in May 2000, Marion County Sheriff's Department Deputy Daniel Herrick was in his patrol car on East Washington Street in Indianapolis. He was flagged down by two individuals who told him that they were having trouble with two people in a white pickup truck. As he was speaking with them, the white pickup truck passed by. Deputy Herrick activated his emergency equipment and attempted to stop the truck. The truck turned into Irvington Plaza and accelerated through the parking lot, attempting to get away. The truck continued through the parking lot at a high rate of speed, exited onto the street, did a U-turn, and struck another vehicle. Deputy Herrick saw two males jump from the truck. Deputy Herrick yelled for both subjects to stop, but they continued running. Deputy Herrick saw Lowder hide behind a bush, where Lowder was apprehended by a canine unit.

[5] In June 2000, the State charged Lowder with class D felony resisting law enforcement and class A misdemeanor resisting law enforcement. According to the probable cause affidavit, Deputy Herrick believed that Lowder was the

---

[1] Lowder's filings with this Court violate our appellate rules in several ways. The table of contents for his appellant's appendix indicates that "[a]ll PCR Motions and Filings Records" begin on page number 130 and fails to provide the specific page number for each individual pleading, motion, and order in contravention of Indiana Appellate Rule 50(C). Appellant's App. Vol. 1 at 2. Also, although his appellant's appendix includes the chronological case summary ("CCS") from the underlying criminal case, it does not include the CCS from the postconviction proceedings in contravention of Indiana Appellate Rule 50(B)(1)(a). In addition, in his appellant's brief, Lowder fails to provide any citations to the page numbers in his appendix in contravention of Appellate Rule 46(A)(6)(a) and 46(A)(8)(a). Lowder's noncompliance with our appellate rules has substantially hindered our review. However, given our preference for deciding cases on their merits, we have not found Lowder's arguments waived.

driver of the truck. The charging information for class D felony resisting law enforcement alleged that Lowder did knowingly flee from Deputy Herrick after the officer had identified himself and ordered Lowder to stop and while committing the offense Lowder "did *operate* a motor vehicle." Appellant's App. Vol. 2 at 14 (emphasis added).

[6] In March 2001, Lowder entered into a plea agreement, in which he agreed to plead guilty to class D felony resisting law enforcement, and the State agreed to dismiss the remaining charge. The State also agreed to dismiss all counts in cause number 49G14-0008-DF-151462 (class D felony possession of cocaine and class A misdemeanor driving while suspended) and not to file a charge of class D felony auto theft, which the State believed was linked to the conduct that gave rise to the resisting law enforcement charges. The plea agreement called for open sentencing.

[7] At the guilty plea hearing, the prosecutor read the probable cause affidavit to establish the factual basis for class D felony resisting law enforcement. *Id*. at 92-94. The trial court asked Lowder whether the affidavit accurately stated what had occurred. Lowder answered that everything was correct except that he was not driving the vehicle. *Id*. at 94-95. The trial court observed that it did not "sound like a factual basis for resisting by operating a motor vehicle." *Id*. at 95. Lowder's defense counsel stated that the relevant statute included conduct in which a person "uses" a vehicle to commit the offense but that was inconsistent with the charging information. *Id*. The trial court responded that the charging information could be amended and that it was "a fair statement to

say that Mr. Lowder was using the vehicle, although albeit not operating it, to flee." *Id*. at 96. Lowder's defense counsel then cited *Jones v. State*, 536 N.E.2d 267 (Ind. 1989), in which Jones's conviction for class D felony resisting law enforcement was upheld even though he had been a backseat passenger in the vehicle. Appellant's App. Vol. 2 at 96. The trial court asked the prosecutor whether the State wished to amend the charging information, and the prosecutor said it did. *Id*. The trial court asked whether there was any objection from the defendant, and defense counsel said there was not. *Id*. The trial court then declared, "So we'll show that the word 'operate' in the information of Count One is stricken and in lieu thereof the word 'use' is inserted. And based on the information I received, I now find that there [is] a factual basis for the plea agreement." *Id*. The trial court then accepted the plea agreement. In April 2001, the trial court sentenced Lowder to 545 days with 180 days executed through community corrections home detention and 365 days suspended to probation.

[8] In June 2013, Lowder filed a pro se PCR petition. Appellant's App. Vol. 2 at 122.[2] The postconviction court appointed a public defender to represent Lowder. It also issued a scheduling order, in which it advised Lowder that "[a]ny amendment to the Petition shall be filed at least sixty (60) days before the evidentiary hearing except under extraordinary circumstances." *Id*. at 133.

---

[2] Page 3 of Lowder's PCR petition, which is the page that would contain the facts which support each of the grounds for vacating, setting aside, or correcting the conviction and sentence, is missing from the appellant's appendix.

After Lowder's public defender withdrew her appearance, the postconviction court issued an amended scheduling order that again advised Lowder that "[a]ny amendment to the petition shall be filed at least sixty (60) days before the Evidentiary Hearing date except under extraordinary circumstances." *Id*. at 154.

In August 2014, Lowder, pro se, filed an amended PCR petition, replacing the allegations in the original petition with the following: "Trial court errored [sic] when [it] entered judgment upon a plea of guilty due to the fact there was no factual basis to support [his] guilt." *Id*. at 156.

In November 2014, the postconviction court held an evidentiary hearing on Lowder's amended PCR petition. Lowder called defense counsel as a witness. Lowder asked defense counsel if he had researched whether the police had reasonable suspicion or probable cause to stop the truck. Tr. at 41. The State objected to the question, arguing that Lowder's amended PCR petition did not state a claim based on lack of reasonable suspicion or probable cause. *Id*. The postconviction court sustained the State's objection. During cross-examination, the State asked Lowder's defense counsel whether he "would have done anything to coerce Mr. Lowder to plead guilty even though he wasn't admitting that he was guilty." *Id*. at 48. Lowder's defense counsel answered that he did not coerce Lowder, and then continued, "The question always lingered in my mind … that he was not the driver of the car and whether or not the police officer had the authority or the probable cause … to stop them in the first place." *Id*. The State unsuccessfully attempted to interrupt defense counsel, but

he went on to state, "I didn't research that part of the case. I was focused on the driver aspect of the whole thing." *Id.*

[11] In January 2015, Lowder filed a "Motion To Amend The Pleadings To Cause Them To Conform To The Evidence" presented at the PCR hearing ("motion to amend"). Appellant's App. at 175. The postconviction court took the motion under advisement and directed the State to file its response by March 2, 2015. On March 3, 2015, the State filed an objection to Lowder's motion to amend. *Id.* at 180. In March 2015, the postconviction court issued an order denying Lowder's motion to amend. *Id.* at 182. Lowder filed a request for reconsideration, which the postconviction court denied. *Id.* at 189.

[12] In June 2016, the postconviction court entered its findings of fact and conclusions of law, finding that Lowder failed to carry his burden to show that there was no factual basis supporting his guilty plea to class D felony resisting law enforcement and denying his amended PCR petition. *Id.* at 231-44. This appeal ensued.

## Discussion and Decision

### Section 1 – The postconviction court did not abuse its discretion in denying Lowder's motion to amend.

[13] Lowder challenges the postconviction court's denial of his motion to amend. Indiana Post-Conviction Rule 1(4)(c) provides,

> At any time prior to entry of judgment the court may grant leave
> to withdraw the petition. The petitioner shall be given leave to

amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial. Any later amendment of the petition shall be by leave of the court.

"[W]e review the post-conviction court's refusal to amend a petition for abuse of discretion because the Post-Conviction Rules state that any motion to amend made within 60 days of an evidentiary hearing may be granted only 'by leave of the court.'" *Tapia v. State*, 753 N.E.2d 581, 586 (Ind. 2001) (quoting Ind. Post-Conviction Rule 1(4)(c)).

[14]     To support his argument that the postconviction court abused its discretion in denying his motion to amend, Lowder relies on Indiana Trial Rule 15(B), which provides,

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues.

[15]     We note that the Indiana Trial Rules "generally only govern procedure and practice in civil cases." *Corcoran v. State*, 845 N.E.2d 1019, 1021 (Ind. 2006). However, we consider their applicability in postconviction proceedings "on a case-by-case basis where the Indiana Rules of Procedure for Post-Conviction Remedies are silent." *Id.* In *Harrington v. State*, 466 N.E.2d 1379 (Ind. Ct. App. 1984), another panel of this Court cited Trial Rule 15(B) in concluding that although the State did not plead laches as an affirmative defense in

postconviction proceedings, the issue was tried by consent and the State's answer was deemed amended to raise the laches issue. *Id*. at 1381.

[16] Assuming, without deciding, that Trial Rule 15(B) applies to the postconviction court's ruling on Lowder's motion to amend, his argument is without merit. The claims he sought to add were based on the premise that the police lacked reasonable suspicion or probable cause to stop the vehicle. He argues that these claims were tried by express consent because his defense counsel testified at the evidentiary hearing that he did not research reasonable suspicion or probable cause. Tr. at 48. Lowder ignores that the State objected when he attempted to question defense counsel as to whether he had investigated reasonable suspicion or probable cause, and the postconviction court sustained the objection. *Id*. at 41. On cross-examination, the State asked defense counsel whether he "would have done anything to try to coerce Mr. Lowder to plead guilty even though he wasn't admitting that he was guilty." *Id*. at 48. In answering, defense counsel stated that he had not researched reasonable suspicion. However, the State's question clearly was not an attempt to solicit that information. We conclude that the claims Lowder sought to add were not tried by express or implied consent. Therefore, the postconviction court did not abuse its discretion in denying Lowder's motion to amend.[3]

---

[3] Because it was within the postconviction court's discretion to permit Lowder to amend his PCR petition and we have concluded that the postconviction court did not abuse its discretion, we need not address Lowder's argument that the postconviction court erred in sustaining the State's objection to his motion to amend.

# Section 2 – The postconviction court did not clearly err in finding that Lowder failed to carry his burden to show that there was no factual basis to support his guilty plea.

[17] Lowder claims that the postconviction court erred in finding that he failed to show that there was no factual basis to support his guilty plea. We observe that the postconviction court entered findings of fact and conclusions of law as required by Indiana Post-Conviction Rule 1(6). Our review is limited to whether the findings are supported by the facts and the conclusions are supported by the law. *Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012). The petitioner seeking postconviction relief "bears the burden of establishing grounds for relief by a preponderance of the evidence." *Ritchie v. State*, 875 N.E.2d 706, 713 (Ind. 2007). A judgment entered against a party bearing the burden of proof is a negative judgment. *Burnell v. State*, 56 N.E.3d 1146, 1149-50 (Ind. 2016). When a petitioner appeals from a negative judgment, he or she must convince the appeals court that "the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Wesley v. State*, 788 N.E.2d 1247, 1250 (Ind. 2003). Although Lowder is "proceeding pro se and lacks legal training, such litigants are held to the same standard as trained counsel and are required to follow procedural rules." *Ross v. State*, 877 N.E.2d 829, 833 (Ind. Ct. App. 2007), *trans. denied* (2008).

[18] Regarding a trial court's acceptance of a guilty plea, our supreme court has stated,

An Indiana court cannot accept a guilty plea unless there is an adequate factual basis for the plea. Ind. Code § 35-35-1-3(b) (2008). The purpose of the factual basis requirement is to ensure that a person who pleads guilty is truly guilty. As the ABA standards put it, the court should satisfy itself that "the defendant could be convicted if he or she elected to stand trial." *ABA Standards for Criminal Justice Pleas of Guilty* 65 (3d. ed. 1999). A factual basis exists when there is evidence about the elements of the crime from which a court could conclude that the defendant is guilty. The presentation about facts need not prove guilt beyond a reasonable doubt. The original trial court's determination that the factual basis was adequate is clothed with the presumption of correctness. We will only set aside the trial court's acceptance of a guilty plea for an abuse of discretion.

*State v. Cooper*, 935 N.E.2d 146, 150 (Ind. 2010) (citations, quotation marks, and brackets omitted) (emphasis added).

[19] Here, Lowder pled guilty to class D felony resisting law enforcement. A person who knowingly or intentionally flees from a law enforcement officer after the officer has identified himself or herself and ordered the person to stop commits class A misdemeanor resisting law enforcement. Ind. Code § 35-44-3-3(a)(3).[4] The offense is elevated to a class D felony if "the person *uses* a vehicle to commit the offense." Ind. Code § 35-44-3-3(b)(1)(A) (emphasis added). We note that although Lowder was initially charged with operating the vehicle, the charging information was amended to replace "operate" with "use." Appellant's App. at 96. Nevertheless, Lowder argues that "[t]he facts are

---

[4] In 2012, the statute was recodified at Indiana Code Section 35-44.1-3-1 and has since been amended.

Lowder never had control over the vehicle or over the person that was driving, so to use the vehicle to flee Lowder would have had to put the vehicle into action which he never did, nor did Lowder ever admit to this action of 'use' the vehicle to flee." Appellant's Br. at 20.

[20] In *Jones*, 536 N.E.2d 267, the PCR petitioner argued that his conviction for class D felony resisting law enforcement was unsupported by sufficient evidence because "he had no control over the fleeing vehicle, and once the vehicle stopped, he did not try to escape police." *Id*. at 271. Although Jones was sitting in the back seat of the vehicle as it fled police and had no control over the vehicle, our supreme court concluded that his conviction was supported by sufficient evidence because the acts of Jones's accomplices in furtherance of the crimes were imputed to him. *Id*. Additionally, the court noted that Jones testified that he told the driver not to stop. *Id*.

[21] At the guilty plea hearing, Lowder, under oath, admitted to all the facts in the probable cause affidavit other than that he was driving the vehicle. Even if Lowder was not the driver, he admitted to the following facts. When Deputy Herrick activated his emergency equipment and attempted to stop the truck in which Lowder was a passenger, the truck sped away, accelerated through a parking lot, proceeded back out on the street at a high rate of speed, did a U-turn, and crashed into another vehicle. After the vehicle crashed, Lowder continued to flee from the police by jumping out of the vehicle, running away, and hiding behind a bush. We will not reverse unless the evidence leads unerringly and unmistakably to the conclusion that Lowder carried his burden

to show that his guilty plea had no factual basis. Based on this record, we conclude that the postconviction court did not clearly err in finding that Lowder failed to carry his burden. Accordingly, we affirm the postconviction court's denial of his amended PCR petition.

Affirmed.

Riley, J., and Altice, J., concur.