Richard L. LAW, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 674S119.

Supreme Court of Indiana.

July 21, 1980.

Barrie C. Tremper, Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Richard L. Law, was convicted by a jury of second-degree murder, Ind.Code § 35–1–54–1 (Burns 1975), and sentenced to a term of fifteen to twenty-five years.[1] He now appeals raising the issue of the alleged reversible error of the trial court in giving one of the state's instructions over his timely objection.

The facts from the record most favorable to the state show that defendant and a friend were drinking in a tavern in Indianapolis on October 3, 1972, when the victim, Louis Hildreth, came into the tavern and approached the two men. Hildreth said that he was from Detroit and was lost. He asked the men to show him how to get back to College Avenue and said he would then

---

1. This case was received by this office on June 20, 1980. It has been advanced for decision by reason of the long inadvertent procedural delays since 1975.

drive them back to the tavern. The three men got into Hildreth's car, with Hildreth driving.

After going some distance towards College Avenue, Hildreth pulled into a filling station. He told defendant and his friend to get out and said he was not going to take them back because he was black and the tavern was in a white neighborhood. An argument ensued which resulted in Hildreth being beaten and put in the trunk of the car. Defendant's friend took three dollars out of Hildreth's pocket and walked away. Defendant deliberately set fire to the front seat of the car and when he saw the car in flames, ran to a friend's home. Hildreth was found to have died from carbon monoxide intoxication. Defendant entered a plea of not guilty by reason of temporary insanity. Two court-appointed psychiatrists testified that in their opinion he was sane at the time of the crime.

■ The trial court gave four of defendant's requested instructions on insanity and one of the state's requested instructions covering the definition of a "mental defect." It is well settled that instructions must be considered as a whole and with reference to each other, and error in a particular instruction will not justify a reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Porter v. State,* (1979) Ind., 391 N.E.2d 801; *Washington v. State,* (1979) Ind., 390 N.E.2d 983; *Ferrier v. State,* (1977) 266 Ind. 117, 361 N.E.2d 150.

■ In this case, the court gave defendant's Instruction Number One as follows:

"The Court instructs you on the legal definition of the defense of temporary insanity.

"A person is not responsible for criminal conduct if, at the time of such conduct as a result of mental disease or defect, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law."

This is an accurate statement of the present rule on insanity. *Hill v. State,* (1969) 252 Ind. 601, 251 N.E.2d 429. The court also gave defendant's Instruction Number Seven which adequately covered the issue of the state's burden of proof on insanity. The court further gave two more of defendant's instructions which dealt with temporary insanity.

The allegedly erroneous instruction was the state's Instruction Number Seven which was given as follows:

"The Court instructs you that the definition of the word 'defect' as used in the definition of insanity is as follows: A defect is a condition which is not considered capable of either improving or deteriorating and which may be either congenital, or the result of injury, or the residual effect of a physical or mental disease."

Defendant argues that this instruction was incomplete because it did not explain how a "defect" could be related to a temporary condition. He also argues that it is incorrect because it was not taken from any Indiana statute or case law but was apparently derived from the case of *Durham v. United States,* (D.C.Cir. 1954) 214 F.2d 862.

■ Defendant's first argument must fail because it has long been established that a party cannot complain of incomplete or omitted instructions when he, himself, has not tendered any instructions on that issue. *Larkin v. State,* (1979) Ind., 393 N.E.2d 180; *Miller v. State,* (1978) 267 Ind. 635, 372 N.E.2d 1168. Since there is nothing in the record indicating that defendant tendered any instruction covering the definition of the word "defect," any error because of the alleged incompleteness of this instruction is waived.

■ Defendant's second argument is that the instruction is erroneous because the definition of a "mental defect" was not taken from any Indiana statute or case law but was apparently taken from a federal district court case. However, defendant has not cited any authority to establish that the definition as given was incorrect. This instruction did not purport to state a rule for the defense of insanity and the correct

rule on insanity as derived from Indiana case law was given in another instruction. We do not find the instruction on the definition of "mental defect" was so confusing as to mislead the jury on the law of insanity considering the other instructions given on both insanity and temporary insanity. Since all instructions are to be read together and construed as a whole, *Washington v. State, supra,* we find no error here.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.