Michelle D. BRITTAIN,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 36A01–9005–CR–197.

Court of Appeals of Indiana,
First District.

Sept. 27, 1990.

Ordered Published Jan. 16, 1991.

John M. Lewis, Seymoure, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

1. IND.CODE § 35–45–1–3.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Michele D. Brittain (Brittain) appeals her conviction of Disorderly Conduct,[1] a class B misdemeanor. We affirm.

## FACTS

The facts most favorable to the jury verdict indicate that on January 18, 1989, at approximately 5:30 a.m., Brittain called the Seymour, Indiana Police Department and asked for assistance with a domestic disturbance. Officers Jack Hauer, Wesley Crane, and James Lawson were dispatched to the scene, a mobile home owned by Thomas Owens (Owens).

Officer Hauer was the first to arrive, followed closely by Officer Crane. Upon their arrival, Brittain gave them permission to enter the trailer. Brittain appeared to be intoxicated: she smelled of alcohol, spoke in a slurred voice, and lacked balance and coordination. Brittain immediately began screaming at Officer Hauer, demanding that he remove Owens from the trailer because Owens had struck her. The Officers told her that Owens could not be arrested because the Officers had not witnessed any battery; however, she could come to the police station and file charges against Owens. Owens remained very quiet and cooperative, while Brittain continued to yell at Officer Hauer in a loud and belligerent voice. She called Officer Hauer a son-of-a-bitch, and said, "You fuckers always take his [Owens'] side." Record at 60.

Officer Crane's attempts to calm Brittain were equally futile. Although Officer Crane repeatedly advised her to calm down and speak quietly, and that her behavior could result in an arrest for disorderly conduct, Brittain continued to scream at Officer Crane. Officer Hauer also gave Brittain at least ten (10) orders to calm herself, and three (3) warnings of a possible arrest.

Brittain's tirade was loud enough to be heard outside the trailer. Officer Lawson, who arrived at the scene after Officers

Hauer and Crane, could hear Brittain yelling as he exited his vehicle. Officer Lawson observed that Brittain was "loud, cursing, stalking back and forth from one end of the living room to the other ... as though she were trying to provoke [Owens] into some sort of altercation ... she just wasn't lowering her voice and she wasn't— she didn't stop the cursing and she wasn't speaking to us in a reasonable fashion." Record at 88–89.

Despite the orders from the police officers, Brittain refused to calm down. She continued screaming at the officers and trying to reach Owens. Officer Hauer had to physically separate her from Owens. She pulled away from him, told Officer Hauer to let go of her, resumed her screaming and called him a son-of-a-bitch again. Officer Hauer then arrested Brittain for disorderly conduct.

Brittain was found guilty of disorderly conduct at a jury trial held on January 26, 1990,[2] and now appeals her conviction.

## ISSUES

Restated, the issues presented for our review are:

1. Did the trial court err in denying Brittain's motion for discharge due to a defect in the information filed against her?

2. Did the trial court err when it admitted evidence at trial of Brittain's prior theft conviction?

3. Was the evidence sufficient to sustain the jury's guilty verdict?

**2.** Brittain was sentenced to One Hundred Eighty (180) days incarceration, all but five suspended, to be served on consecutive weekends. Brittain was also assessed a fine and costs totalling $213.00.

**3.** The record indicates that Brittain's motion was for discharge; however, we note that the proper motion is a motion to dismiss. *See* IND. CODE § 35–34–1–4.

**4.** On appeal, Brittain claims that her motion was brought under the "catchall" provision of IND.CODE § 35–34–1–4(a)(11) and thus is not subject to the time limit in I.C. § 35–34–1–4(b)(2). We find this argument to be completely without merit. Brittain's conten-

## DISCUSSION AND DECISION

### Issue One

Brittain contends that the trial court erred when it denied her motion for discharge.[3] Specifically, Brittain claims that although her name appeared in the caption at the top of the information, the charging portion of the information failed to include her name. Thus, argues Brittain, the information was defective and insufficient to charge her with disorderly conduct. Because we find that Brittain's motion was untimely, we do not discuss its merits.

IND.CODE § 35–34–1–2(a) requires that the information set forth the defendant's name. An information which fails to do so is defective, *see* IND.CODE § 35–34–1–6(a)(1), and the court may, upon timely motion of the defendant, dismiss the information. IND.CODE § 35–34–1–4(a)(1). Brittain's motion was based on a claim that the information was defective.[4] Because the charge against Brittain was a misdemeanor, she was required to file her motion no later than ten (10) days prior to the date of trial. *See* IND.CODE § 35–34–1–4((b)(2); 35–36–8–1(c)(3). An untimely motion to dismiss may be summarily dismissed. *Land v. State* (1984), Ind., 470 N.E.2d 697, 699.

The information was filed against Brittain on January 19, 1989, and her trial began on January 26, 1990. Brittain did not move to dismiss the information until after the jury was sworn. Because Brittain failed to file a timely motion to dismiss, we find no error in the trial court's denial of her motion.[5]

tion, that the information did not charge her with anything, clearly falls under subsection (a)(1).

**5.** We note that in order to allow Brittain appellate review of this issue despite her waiver, the error complained of must rise to the level of "fundamental error". A "fundamental error" is one that if not corrected would deny a defendant fundamental due process. *Haymaker v. State* (1988), Ind., 528 N.E.2d 83, 85–86. In the present case, Brittain was aware that she was charged with the crime alleged in the information. We thus fail to find the omission of her name in the charging portion of the information to be fundamental error.

*Issue Two*

■ Brittain next claims the trial court erred when it admitted evidence at trial about her prior conviction for theft.[6] Though Brittain concedes that under *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, evidence of her prior conviction was admissible, she argues that the manner in which the evidence was presented to the jury was improper. At trial, the prosecutor asked Brittain the following question: "Have you ever been convicted of a crime before?" Record at 117. We agree with Brittain that such an open-ended question is improper. *See Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1091. However, the record indicates that during a discussion outside the presence of the jury, the prosecutor assured the court that his question was directed solely to Brittain's conviction involving dishonesty. When cross-examination then continued, Brittain admitted the conviction.

■ The State then attempted to introduce a certified copy of Brittain's conviction. Defense counsel objected, stating that the exhibit was unnecessary unless Brittain gave an inconsistent answer, in which case the document could be used for impeachment purposes. The court agreed, and told the prosecutor: "You can question her more specifically about the conviction. If she acknowledges it, you don't need [the document]." Record at 121–22. The document was not entered into evidence. On appeal, Brittain claims the judge's statement constituted advice and direction on how to proceed. We do not agree. He merely sustained Brittain's objection, and explained his decision.

■ Finally, Brittain asserts error in the trial court's failure to give an instruction limiting the use of Brittain's prior conviction by the jury. We note that Brittain did not tender such an instruction. "[I]t has long been established that a party cannot complain of incomplete or omitted instructions when he, himself, has not tendered any instruction on that issue." *Law*

*v. State* (1980), 273 Ind. 624, 626–27, 406 N.E.2d 1185, 1186 (citation omitted). Brittain's failure to tender a limiting instruction results in a waiver of the issue. Contrary to Brittain's claim, the trial court was not required to give the jury a limiting instruction *sua sponte*.

We find no reversible error here.

*Issue Three*

Brittain claims the evidence was insufficient to support her conviction. We remind Brittain that, as a court of review, we neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence favorable to the State, along with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, we will affirm the judgment. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672.

Brittain was convicted under I.C. § 35–45–1–3(2), which provides:

"A person who recklessly, knowingly, or intentionally:

... makes unreasonable noise and continues to do so after being asked to stop;

... commits disorderly conduct, a Class B misdemeanor."

■ The conduct at issue is spoken words. When reviewing disorderly conduct convictions based on speech, we must look at the charged events in light of the constitutional protections afforded speech. *Gilles v. State* (1988), Ind.App., 531 N.E.2d 220, 222, *cert. denied* —— U.S. ——, 110 S.Ct. 337, 107 L.Ed.2d 325. Spoken words generally fall within the First Amendment's guarantee of freedom of speech; however, several categories of speech fall outside of this constitutional protection:

"These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace. It has been well observed that such utterances are no essential part of any

6. As the State notes, the record is unclear as to the exact nature of the offense. The prosecutor indicated that Brittain was convicted for attempted theft, while Brittain told the jury she was convicted of theft.

 

exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality. 'Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument.' "

*Chaplinsky v. New Hampshire* (1942), 315 U.S. 568, 571, 62 S.Ct. 766, 769, 86 L.Ed. 1031, 1035 (citations and footnotes omitted). Furthermore, "personal epithets and verbal abuse (which may or may not contain vulgarities or obscenities) do not enjoy constitutional protection, and ... engaging in such activity may under certain circumstances constitute disorderly conduct." *Stults v. State* (1975), 166 Ind.App. 461, 469, 336 N.E.2d 669, 674.

■ The record before us reveals that Brittain repeatedly called each police officer a "son-of-a-bitch" and uttered the epithet "fuckers" toward them both. We consider such language, as used in this situation, to constitute fighting words undeserving of constitutional protection. *See Mesarosh v. State* (1984), Ind.App., 459 N.E.2d 426, 428–30. While not every abusive epithet directed toward a police officer would justify a conviction for disorderly conduct, we find no sound reason to subject police officers to the abuse suffered by Officers Crane and Hauer here, which we find to be beyond that which any person might reasonably be expected to endure.

■ Brittain argues that her language occurred in her residence in the presence only of the police officers and Owens, and did not disturb anyone else.[7] Initially we note that I.C. § 35–45–1–3(2) does not require that a person must disrupt a lawful assembly of persons or that his conduct must occur in a public place. *Lepard v. State* (1989), Ind.App., 542 N.E.2d 1347, 1351. Brittain overlooks the concept that conduct which by its nature is offensive in the context in which it is committed may be sufficient to support a conviction. *See Stults*, 166 Ind.App. at 466, 336 N.E.2d at 672. The hurling of epithets toward police officers under the circumstances such as those represented here may constitute disorderly conduct regardless of the fact that the abusive language was not overheard by others.

The words used by Brittain were unprotected fighting words. She does not contend that she did not act knowingly or intentionally. She continued her verbal assault despite the officers' repeated orders to Brittain to calm down. The evidence presented to the jury was sufficient to support their verdict.

Affirmed.

BAKER and CONOVER, JJ., concur.

---

**7.** We note that Officer Lawson testified that he heard Brittain's screams upon his arrival at the mobile home as he exited his vehicle.